IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DENISE BRIGGS,         Petitioner, | § § § | |
| v. | § § | Civil Action No. 4:06-CV-800-Y |
| GINNY VAN BUREN, Warden, FMC-Carswell,         Respondent. | § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

B.  PARTIES

Petitioner Denise Briggs, Reg. 33661-177, is a federal prisoner incarcerated in the Federal Medical Center-Carswell in Fort Worth, Texas (FMC-Carswell).  Briggs is represented in this habeas proceeding by Mark McAdoo, Attorney at Law.

Respondent Ginny Van Buren is Warden of the FCI-Carswell.

## C. Procedural History

Briggs is serving a 30-month term of imprisonment on her 2006 conviction for bank fraud in the Dallas Division, Case Number 3:05-CR-0206-M. (Pet'r Memorandum, Exhibit A.) *See* CM/ECF, Criminal Docket for Case # 3:05-CR-206-M. Her projected release date is March 6, 2008, and her pre-release preparation date is December 19, 2007. (Pet'r Supp. Exhibits A-D.) Under current policy and regulations, the Bureau of Prisons (the BOP) has informed Briggs that, pursuant to 18 U.S.C. § 3624(c), she is eligible and will be recommended for placement in a Residential Reentry Center (RRC) (formerly referred to as a community corrections center (CCC)) on December 19, 2007, at which point she will have 10% of her sentence remaining. (*Id.*; Pet'r Memorandum Exhibits B & C.) *See* 18 U.S.C. § 3624(c); 28 C.F.R. §§ 570.20-570.21; Program Statement 7310.04, U.S. Department of Justice, Federal Bureau of Prisons/Freedom of Information Act/Policy/Bureau Program Statements (policies), *available at* http://www.bop.gov. Briggs seeks placement in a RRC within six months, or 180 days, of her release date under § 3624(c). Her requests for administrative relief were denied. (*Id.*)

## D. Discussion

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is in custody in violation of the Constitution or laws or treaties of the United States. *Id.* § 2241(c)(3). The policy in question concerns BOP's current interpretation of its statutory authority to designate or assign inmates to RRC facilities pursuant to 18 U.S.C. §§ 3621 and 3624. Section 3621 establishes the BOP's authority to designate a federal prisoner's place of imprisonment once sentence has been imposed. Section 3621(b) provides, in relevant part:

>    **(b) Place of imprisonment.**–The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Governmnet or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering–
>    (1) the resources of the facility contemplated;
>    (2) the nature and circumstances of the offense;
>    (3) the history and characteristics of the prisoner;
>    (4) any statement by the court that imposed the sentence–
>       (A) concerning the purposes for which the setnence to imprisonment was determined to be warranted; or
>       (B) recommending a type of pneal or correctional facility as appropriate; and
>    (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) and title 28.
>
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. . . .

After a prisoner has been incarcerated, § 3624 governs the BOP's discretion to designate facilities for pre-release confinement toward the end of a sentence. Section 3624(c) provides, in relevant part:

>    **(c) Pre-release custody.**–The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 percentum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. . . .

The BOP instituted its 10% rule in its December 2002 policy. In 2005, the 2002 policy was mooted by the promulation of the February 2005 rule. *See Princeton University v. Schmid*, 455 U.S. 100, 103 (1982). The new rule superseded the former policy, and it was this rule that was applied to Briggs and that is at issue herein. (Pet'r Memorandum in Support at 6.) The February 2005 policy clarifies the BOP's interpretation that it has the right to exercise its discretion categorically to limit inmates' community confinement to the last 10% of the prison sentence being served, not

3

to exceed six months, and that such an exercise of discretion is consistent with 18 U.S.C. § 3621(b). *See* Community Confinement, 70 Fed.Reg. 1661; 28 C.F.R. § 570.21.

Briggs argues that the BOP's categorical exercise of discretion in denying all prisoners release prior to their 10% release date, without considering the factors set forth in 18 U.S.C. § 3621(b) and pre-2002 BOP policy, is an abuse of its authority to determine the location of an inmates's imprisonment pursuant to 18 U.S.C. § 3621(b). (Pet'r Memorandum in Support at 4-10.) Briggs argues that the 10% policy regarding placement in RCC's, which the BOP has followed since 2002, is contrary to Congressional intent and that several federal appellate courts have found the BOP's policy to be unlawful. (*Id.*)

It appears that four circuits have found the policy invalid because it limits the BOP's discretion to designate prisoners to pre-release confinement to the lesser of six months or the last 10% of their sentences without individual consideration of the § 3621(b) factors. *See Wedelstedt v. Wiley*, 477 F.3d 1160, 1165-69 (10th Cir. 2007); *Levine v. Apker*, 455 F.3d 71, 79-87 (2[d] Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088, 1089-92 (8th Cir. 2006); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235 (3[d] Cir. Dec. 15, 2005). This court is not bound, however, by other circuits' precedent.

It is well settled law that a prisoner has no constitutional right to placement in any particular prison or RRC facility or to release before the expiration of a valid sentence. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Section 3624(c) vests discretion with the BOP on the issue of determining the amount of time, if any, a federal prisoner will serve in a RRC. In its notice of proposed rulemaking, the BOP, citing *Lopez v. Davis*, 531 U.S. 227, 243-44 (2001) and *American Hosp. Ass. v. NLRB*, 499 U.S. 606, 612-13 (1991), stated: "This

categorical exercise of discretion is permissible based on the Supreme Court's recognition that, even when a statutory scheme requires individualized determinations, the decisionmaker has authority to rely on rulemaking to resolve certain issues of general applicability." It further stated that "[i]n deciding to limit inmates' community confinement to the last ten percent of the prison sentence, the Bureau has carefully considered all of the statutorily-specified factors [in § 3621(b)], as well as the additional considerations that it identified as pertinent [e.g., promoting consistency in designation decisions and Congress' goal of eliminating unwarranted disparities in the handling of inmates and eliminating concerns that the Bureau might use community confinement to treat specific inmates leniently]." *See* Community Confinement, Proposed Rule, 69 Fed.Reg. at 51,213-14 (providing additional reasons for instituting policy).

Having reviewed the BOP's reasons for implementing the policy, in addition to relevant case law and the parties' arguments, the 10% policy is not arbitrary, capricious, or manifestly contrary to the relevant statutes. *See Chevron v. Nat'l Resources Defense Council, Inc.*, 467 U.S. 837, 843-44 (1984); *Wottlin v. Fleming*, 136 F.3d 1032, 1035 (5th Cir. 1998). Nor does it appear that the BOP effected the policy to subvert the will of Congress. Instead, the policy appears reasonable and consistent with the broad administrative discretion Congress delegated to the BOP regarding the placement of prisoners and is entitled to the appropriate deference. *See Lopez*, 531 U.S. at 243-44 (providing that the BOP has "the authority to rely on rulemaking to resolve certain issues of general applicablility unless Congress clearly expresses an intent to withhold that authority"). *See also Heckler v. Campbell*, 461 U.S. 458, 467 (1983) (holding that an agency may rely on rulemaking to "resolve certain classes of issues" despite the fact that the statute calls for individualized decisionmaking, noting that to hold otherwise "would require the agency continually to relitigate issues that may be established fairly and efficiently in a single rulemaking proceeding"); *Morales*

*v. Francis*, No. Civ. A. H-05-2955, 2005 WL 2467691, at *3-5 (S.D.Tex. Oct. 5, 2005) (order); *Turtle v. Francis*, No. Civ. A. H-05-3087, 2005 WL 3504410, at *4-5 (S.D.Tex. Dec. 21, 2005); *Rubalcaba v. Lappin*, No. Civ. A. H–05-2775, slip op., 2005 WL 2675059, at *2-3 (S.D. Tex. Oct. 20, 2005); *Scott v. Fed. Bureau of Prisons*, No. 06-CV-551-KKC, 2007 WL 844917, at *5 (E.D.Ky. Mar. 16, 2007).

Briggs has failed to show that her confinement violates the Constitution or federal law on the issue. Accordingly, Briggs is not entitled to habeas relief.

## II.  RECOMMENDATION

Briggs's petition for writ of habeas corpus should be denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 27, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 27, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 6, 2007.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE